UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  06-80338-CIV-RYSKAMP/VITUNAC

ROLAND ULYSSE,
and other similarly-situated individuals,

       Plaintiff (s),

v.

DIVOSTA BLDG. CORP.,

       Defendant.
_____/

**ORDER DENYING MOTION FOR CERTIFICATION OF COLLECTIVE ACTION**

       THIS CAUSE comes before Court pursuant to Plaintiff's Motion for Conditional Certification of Collective Action, filed September 6, 2006 **[DE 19]**.  Defendant responded on October 25, 2006 **[DE 25]**.  Plaintiff did not reply.  This motion is ripe for adjudication.

**I.  BACKGROUND**

       Plaintiff, a former plasterer with Defendant in Naples, Florida, brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., to recover overtime wages.  Plaintiff claims that he was not compensated for regular or overtime wages for hours worked in excess of 40 hours per week from 1999 to January 30, 2006.  Plaintiff further alleges that none of Defendant's plasterers were paid any overtime.  Plaintiff seeks conditional certification of a proposed class pursuant to 29 U.S.C. § 216(b), wishing to represent the class consisting of

2

anyone who has worked for Defendant as a "plasterer, or the like" during the last three years. The proposed class includes at least 166 current and former employees of Defendant located throughout the State of Florida.

## II.  LEGAL STANDARD

The Eleventh Circuit applies a "two-tiered approach" to the certification of a class.  Hipp v. Liberty National Life Insurance Co., 252 F.3d 1208, 1219 (11th Cir. 2001).  This case is in the initial notice stage.  At this stage, Plaintiff must prove that there are, in fact, other potential plaintiffs who wish to participate in this litigation.  Second, Plaintiff must prove that he and his proposed class are similarly situated with respect to his claim that neither he nor any other plasterer working for Defendant in the past three years was ever paid for any of the overtime hours they worked.  Dybach v. Florida Department of Corrections, 942 F.2d 1560, 1567-68 (11th Cir. 1991).

The "similarly situated" standard permits district courts to consider the specific circumstances of each case, the nature of the plaintiff's claims, as well as evidence of actual class-wide interest to determine whether judicial notice would be "appropriate" in a particular case.  Hipp, 252 F.3d at 1219.  At the notice stage, the court must determine whether: (1) there are other employees "who desired to opt-in" to the action; and (2) the employees who desire to opt-in are "similarly situated" to plaintiff.  Dybach, 942 F.2d at 1567-68.

Plaintiff must demonstrate a reasonable basis for his assertions that aggrieved individuals exist in the proposed class.  Haynes v. Singer Co., 696 F.2d 884, 887 (11th Cir. 1983).  A plaintiff cannot rest his case on the argument of counsel, nor can plaintiff testify to his opinion

that other employees may be interested in joining the action.  Id., at 887 (attorney argument insufficient to demonstrate the existence of class); Horne v. United Services Auto Association, 279 F.Supp.2d 1231, 1236 (M.D. Ala. 2003) (plaintiff's personal beliefs insufficient to satisfy Eleventh Circuit standard).

### III.  DISCUSSION

Plaintiff offers no evidence of others who desired to opt-in to this lawsuit.  Plaintiff's only support of such is his own hearsay in his affidavit that one individual "told" him that he had not been properly paid for his overtime hours.  The affidavit then makes the conclusory allegation that other plasterers "currently working for Defendant are similarly situated, since they all work overtime hours without receiving adequate overtime compensation." (Affidavit, 5.)  The affidavit is not probative of the similarly situated question as it merely offers conclusory allegations and self-serving personal beliefs about purported claims of identified third parties.  Plaintiff's own deposition testimony even contradicts the affidavit.  Plaintiff testified that not one person, not even the individual named in the affidavit, desires to opt-in.  (Plaintiff Deposition, 143.)  Plaintiff also testified that he had no personal knowledge as to whether the individual named in the affidavit worked overtime without being adequately compensated.  (Plaintiff Deposition, 143.)  Furthermore, Plaintiff's former co-workers, his fellow plasterers on the Naples production team, as well as plasterers in Sarasota and West Palm Beach, voluntarily submitted declarations flatly denying Plaintiff's claim that "plasterers currently working for Defendant... all work, overtime hours without receiving adequate overtime compensation."  (Exhibits 3-5.)  Plaintiff's fellow plasterers also affirm their understanding of Defendant's policy requiring that they be paid overtime compensation for every hour worked in excess of 40 hours in a single

4

workweek.  Indeed, these individuals affirm that throughout their employment they were paid for each and every hour worked.  (See e.g. St. Amie Decl., 3-6.)  Plaintiff has therefore failed to identify a single plasterer who was "similarly situated" and who actually desires to join this case.

Nor has Plaintiff shown that he is similarly situated to the broad class of plasterers he seeks to represent.   Plaintiff testified at his deposition that he was unaware of any policy of Defendant stating that hourly employees should not be paid for working overtime.  (Plaintiff Deposition, 138.)  Rather, Plaintiff testified that he believed it may have been the individual supervisor who decided whether or not Plaintiff would be paid for certain overtime hours. (Plaintiff Deposition, 129-30, 134-36.)  Even if Plaintiff could show that on an isolated occasion and individual supervisor failed to pay him overtime, such an individualized difference from the established policy cannot create commonality between Plaintiff and other plasterers necessary to satisfy the similarly situated requirement.  See Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358, 362-63 (M.D. Ala. 1999) (testimony of 15 employees working in one of Defendant's restaurants insufficient to support allegations of companywide infringing pay policy).

The Court finds that Plaintiff has failed to sustain his burden for conditional certification of the proposed class.  Plaintiff has failed both to demonstrate that any of his fellow plasterers desire to join this action and that Defendant's compensation policy is in contravention of the FLSA,

## IV. CONCLUSION

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

5

ORDERS AND ADJUDGES that the Motion for Conditional Class Certification filed September 6, 2006 **[DE 19]**, is DENIED.  Defendant requests its costs incurred in responding to this motion, but provides no legal basis for its request.  Accordingly, the request is denied.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this_7th__day of December, 2006.

Copies provided:  
all parties and counsel of record

S/ Kenneth L. Ryskamp  
KENNETH L. RYSKAMP  
UNITED STATES DISTRICT JUDGE